UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WEST NEW YORK RESTORATION OF CT, INC.,
        Plaintiff,

        - against -

RLI INSURANCE COMPANY and AMERICAN
STATES INSURANCE COMPANY,
        Defendants.
------------------------------------------------------------------X

12 Civ. 5461 (ALC)(JLC)

ORDER AND OPINION

**ANDREW L. CARTER, JR., United States District Judge:**

    Defendants RLI Insurance Company ("RLI") and American States Insurance Company ("American States") bring separate motions for summary judgment seeking dismissal of the complaint brought by Plaintiff West New York Restoration of Connecticut ("West NY"). For the reasons below, RLI's motion (Dkt. No. 29) is granted and American States' motion (Dkt. No. 23) is denied.

## BACKGROUND

### I. The Underlying Incident

    On November 6, 2009, then-West NY employee Sebastian Kiszewski was allegedly injured in the course of his employment at a property owned by 1800 Boston Road LLC ("1800 Boston Road"), in which West NY was a tenant and conducted at least some of its operations. After going to the emergency room, Kiszewski returned to work later the same day and worked at West NY until November 20, 2009. In a December 22, 2009 letter, Alfred Gallicchio, president of West NY, contended that Kiszewski did not return to work because Kiszewski had an invalid social security number. (Declaration of Timothy Delahunt ("Delahunt Decl.") Ex. 6). Kiszewski did not immediately report serious injury or file suit. A workers' compensation form was filled out on November 30, 2009 on Kiszewski's behalf by Marie Baez, an executive

1

secretary at West NY. (Delahunt Decl. Ex. 7). However, in October 2010, Kiszewski filed a complaint in Bronx Supreme Court.[1] (See Delahunt Decl. Decl. Ex. 2). In December 2010, Kiszewski filed an amended complaint adding 1800 Boston Road as a defendant. Neither Kiszewski's original nor his amended complaint name West NY as a defendant.

II. Third-Party Complaint

On April 17, 2012, 1800 Boston Road filed a third-party complaint against West NY in Bronx Supreme Court, seeking indemnification for West NY's "affirmative, active and primary" negligence and pursuant to the lease agreement by which West NY, as tenant, agreed to indemnify 1800 Boston Road LLC against claims in connection with any injury on or adjoining the property "arising directly or indirectly out of the business conducted on the premises" (Declaration of Craig Blumberg in Opposition to Defendant RLI Insurance Company's Motion for Summary Judgment ("Blumberg Decl.") Ex. A). The third-party complaint specifically alleged that Kiszewski "commenced an action for personal injuries to have been sustained through the negligence of the defendant/third party plaintiff, 1800 Boston Road, LLC, and the plaintiff alleges in substance that on November 6, 2009 he was caused to sustain personal injuries while unloading a truck at 1800 Boston Road, Bronx, New York." (Id. ¶ 4).

At some time after the date of the incident and after Kiszewski's initial and amended complaint, but before the third-party complaint was filed, West NY sought coverage from Defendants. Specifically, West NY sought coverage from RLI on November 21, 2011 (RLI Rule 56.1 Stmt ¶ 12; Delahunt Decl. Ex. 9), and by letter dated December 16, 2011, RLI disclaimed

---

[1] Kiszewski's original complaint was filed October 15, 2010. RLI's Rule 56.1 Statement erroneously states that Kiszewski's complaint was filed in October 2009, which does not comport with the rest of the timeline, namely that the date of Kiszewski's injury occurred a month after October 2009.

2

coverage citing the auto exclusion and late notice, (RLI Rule 56.1 Stmt ¶ 13; Delahunt Decl. Ex. 10). American States contends that West NY did not provide notification of the claim until January 11, 2012 (American States Rule 56.1 Stmt ¶ 17; Affidavit of Peter Sealy ("Sealy Aff.") ¶ 7). By letter dated January 30, 2012, American disclaimed coverage for multiple reasons, including late notice, (id. ¶ 18; Sealy Aff. Ex. B). After these denials of coverage, West NY filed an action against Defendants in Bronx Supreme Court which was removed to this Court on July 16, 2012 (Dkt. No. 1). Neither Kiszewski nor Third-Party Plaintiff 1800 Boston Road are parties in this action.

   III. The Policies

Both Defendants issued insurance policies to West NY effective for the policy period of December 31, 2008 through December 21, 2009 and subsequently denied requests for coverage from West NY for defense and indemnification. Specifically, RLI issued an excess general liability policy bearing policy number RLO0001845 ("RLI Policy"). (RLI Rule 56.1 Stmt ¶ 1). American States issued a commercial automobile insurance policy bearing policy number 01-CH-293841-3 ("American States Policy"). (American States Rule 56.1 Statement ¶ 15). Both policies required West NY to notify the insurer of any claims within a reasonable time. (RLI Rule 56.1 Stmt ¶ 9; Delahunt Decl. Ex. 1, RLI Policy § VII(5) ("[Insured] must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim under this policy."); American States Rule 56.1 Stmt ¶ 16; Sealy Aff. ¶ 6 & Ex. A, American States Policy § IV(A)(2) ("We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us: in the event of "accident", claim, "suit" or "loss", you or someone on your behalf must give us or our authorized representative notice as soon as reasonably possible of the "accident" or "loss.")).

The RLI Policy also included an auto exclusion that the policy would not apply to "[b]odily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any . . . auto. . . owned or operated by or rented or loaned to any insured. Use includes operation and loading or unloading." (RLI Rule 56.1 Stmt ¶ 9; Delahunt Decl. Ex. 1, RLI Policy § III(i)). "Loading or unloading" is separately defined as "the handling of property:

> a. After it is moved from the place where it is accepted for movement into or onto an . . . auto;
> b. While it is in or on an . . . auto; or
> c. While it is being moved from an . . . auto to the place where it is finally delivered;
>
> but loading or unloading does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the. . . auto."

(See Delahunt Decl. Ex. 1, RLI Policy § II).

## DISCUSSION

I. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd., 696 F. Supp. 897, 900 (S.D.N.Y. 1988).

The burden lies with the moving party to demonstrate the absence of any genuine issue of material fact and all inferences and ambiguities are to be resolved in favor of the nonmoving

party. Hotel Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL-CIO v. City of New York Dep't of Parks & Recreation, 311 F.3d 534, 543 (2d Cir. 2002). Once the moving party meets its burden of showing the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact. F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). If "no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).

II. Timely Notice of Claim

Both RLI and American States seek summary judgment based on West NY's late notification about the incident. When required for coverage, "providing an insurer with timely notice of a potential claim is a condition precedent and thus absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy." Pile Foundation Constr. Co., Inc. v. Investors Ins. Co. of America, 2 A.D.3d 611, 613 (2d Dep't 2003) (citing Security Mut. Ins. Co. of New York v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 440-41 (1972) (internal quotation marks omitted).

Thus, an insurer makes a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the insured failed to notify it of the occurrence in a timely fashion. But the length of delay is not the end of the matter as there may be circumstances that will explain or excuse delay in giving notice and show it to be reasonable. See Security Mut., 31 N.Y.2d at 441. For example, lack of knowledge that an accident has occurred or a good faith

belief of non-liability may satisfy this requirement. Id. "That belief must, however, be reasonable under all of the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence." Felix v. Pinewood Bldrs, Inc., 30 A.D.3d 459, 461 (2d Dep't 2006) (quoting Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 N.Y.3d 742, 744 (N.Y. 2005) (internal quotation marks omitted). The burden to establish such excusable delay rests solely on the insured whose claim has been denied. Great Canal Realty, 5 N.Y.3d at 743. While the existence of such a "good-faith belief", as well as the question of whether the belief was reasonable, are ordinarily questions of fact for the fact finder, Argentina v. Otsego Mut. Fire Ins. Co., 86 N.Y.2d 748, 750 (N.Y. 1995), New York courts are not hesitant to grant summary judgment to an insurer if a party seeking coverage does not meet its burden. Nevertheless, on summary judgment, the court must draw all reasonable inferences in favor of the insured plaintiff. See Hotel Employees & Rest. Employees Union, Local 100 of New York, N.Y. & Vicinity, AFL-CIO v. City of New York Dep't of Parks & Recreation, 311 F.3d 534, 543 (2d Cir. 2002); Genova v Regal Mar. Indus., 309 A.D.2d 733, 734 (3d Dep't 2003).

III. RLI's Motion

    A. Untimely Notification

Here, West NY did not notify RLI until November 21, 2011, more than two years after the injury occurred on November 6, 2009. West NY was aware of the injury that same day but contends that it did not believe the injury was serious as Kiszewski returned to work later that day after several hours in the emergency room and continued working for almost two weeks after the incident. As West NY understood, Kiszewski did not stop working at West NY because of

his injury but rather because there was an issue with his social security number. Kiszewski first sought a worker's compensation claim and did not file a complaint until October 2010.

Under the facts and circumstances of this case, plaintiff has raised a triable issue of fact as to whether its delay in giving notice was reasonably founded upon a good-faith belief of non-liability. Because a worker's compensation claim had been filed, as an employer, it is possible that West NY believed it would not be subject to a lawsuit, especially after a suit against another defendant (West NY's landlord) was pursued. RLI's citations to the contrary are inapposite. See RLI Reply at 3. In each of those cases, the insured unreasonably relied on the representations of others that the injured party would not sue or waited until months after an insured party had been sued to file a claim. However, there was no legal bar to suit as exists with workers' compensation. McKay v. Ciani, 720 N.Y.S.2d 601, 603 (3d Dep't 2001) ("[I]t is well settled that the exclusive remedy available to an employee injured in the course of employment is provided by the Workers' Compensation Law").

Here, there are extant circumstances to conclude that West NY provided the notice "as soon as they were definitely made aware that the worker's injuries constituted a liability matter within the coverage of the policy, rather than a Workers' Compensation matter." Nassau Plaza Associates, L.P. v. Greater New York Mut. Ins. Co., 74 A.D.3d 1159, 1160, 904 N.Y.S.2d 478, 479 (2d Dep't. 2010) (internal quotation marks omitted). Indeed, West NY notified RLI before the third-party complaint against it was filed, which evidences at least some diligence in keeping apprised of possible insurance claims. Under these facts and drawing all reasonable inferences in favor of West NY, the court cannot say on summary judgment that Kiszewski's injuries presented as serious enough or sufficiently likely to result in West NY's liability to warrant

notification. Because there are issues of material fact, RLI's motion to dismiss for untimely notification is denied.

B. Auto Exclusion

RLI, however, also seeks summary judgment on the ground that there is also an auto exclusion which clearly excludes coverage for bodily injury arising out of the use of an auto, where use includes "loading and unloading." (See Delahunt Decl. Ex. 1, RLI Policy § II). West NY does not dispute the auto exclusion, but contends it is inapplicable here because the Kiszewski complaint in which West NY is not named does not allege that Kiszewski was unloading the vehicle at the time he was injured.[2] (West NY Opp. at 7). Although West NY takes this position in opposing summary judgment, it has repeatedly admitted—in Kiszewski's worker's compensation claim, in its letter to another insurer—that Kiszewski was injured while unloading pipe from a truck. (See Delahunt Decl. Ex. 7; Delahunt Decl. Ex. 5 at Interrogatory 12 ("The injury to Mr. Kiszewski occurred *while he was unloading a vehicle* owned by West.") (emphasis added); Delahunt Decl. Ex. 6, December 22, 2009 Gallicchio letter to Patrick Gerdes of Guarantee Insurance Company ("As I stated to you, Mr. Kiszewski removed his hard hat and while unloading one of our trucks, an aluminum pipe approximately 2 ½ inches by 8 feet long fell and struck Mr. Kiszewski on the head.")). Moreover, the auto exclusion requires only that the injury "aris[e] out of" the use of the auto. It does not require the injured party to be the

---

[2] The Kiszewski complaint alleges in relevant part: "That on November 6, 2009, while plaintiff, Sebastian Kiszewski was lawfully at 70 8th Avenue, Brooklyn, NY in connection with his employment with West New York Restoration of CT, Inc., he was caused to sustain serious, severe and permanent personal injuries as a result of the carelessness, recklessness and negligence of the defendant in the manner in which the pipes being delivered were secured/unloaded" (Kiszewski Am. Compl. ¶ 13).

8

person engaged in loading or unloading. Thus, the auto exclusion of the RLI Policy applies and RLI's motion for summary judgment is granted on that basis.

IV. American States' Motion[3]

American States contends that West NY did not notify it until January 11, 2012, over two years after the injury occurred (Sealy Aff. ¶ 7). If this is true, American States was not notified until seven weeks after West NY notified RLI (and over three weeks after RLI's denial), an additional fact which might call into question whether there was a reasonable delay in notification as to American States. But the January 30, 2012 letter disclaiming coverage does not state when the notification of claim was received. Neither does the Sealy Affidavit provide evidence that American States did not receive notification until January 11, 2012 beyond this assertion. Thus, the same reasons for denying summary judgment to RLI for untimely notification apply as to American States. Drawing all reasonable inferences in favor of West NY, the court cannot say on summary judgment that Kiszewski's injuries presented as serious enough or sufficiently likely to result in West NY's liability to warrant notification. Because there are issues of material fact, American States' motion to dismiss for untimely notification is denied.

## CONCLUSION

For the reasons stated herein, RLI's motion for summary judgment (Dkt. No. 29) is GRANTED. American States' motion for summary judgment (Dkt. No. 23) is DENIED. The Clerk of the Court is respectfully requested to close these motions.

---

[3] The Court notes that American States did not submit a reply in support of its motion for summary judgment.

SO ORDERED.

Dated:  March 14, 2014
        New York, New York

**ANDREW L. CARTER, JR.**
United States District Judge